CANDACE L. MATSON, Cal. Bar No. 143400
cmatson@sheppardmullin.com
POLLY TOWILL, Cal. Bar No. 120420
ptowill@sheppardmullin.com
ROBERT T. STURGEON, Cal. Bar No. 179340
rsturgeon@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Plaintiff and Counter-Defendant
PARSONS TRANSPORTATION GROUP INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – Western Division

| | |
|---|---|
| PARSONS TRANSPORTATION GROUP INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARINC INCORPORATED,<br><br>Defendant.<br>_____<br>ARINC INCORPORATED,<br><br>Counterclaimant,<br><br>v.<br><br>PARSONS TRANSPORTATION GROUP INC.,<br><br>Counter-Defendant. | Case No. 2:14-CV-00852-RGK (JCx)<br><br>Assigned to the Hon. R. Gary Klausner<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT TO PARAGRAPHS 2, 4.1(B) AND 6.3]**<br><br>[Discovery Document: Referred to Magistrate Judge Jacqueline Chooljian]<br><br>Complaint filed: February 4, 2014<br>Trial Date: February 17, 2015 |

This Protective Order is issued to facilitate document disclosure and other information production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through and after the conclusion of this litigation.

**GOOD CAUSE STATEMENT**

1. This case involves claims relating to a Positive Train Control ("PTC") system, including a Computer Assisted Dispatch ("CAD") component of the PTC system, which Plaintiff and Counter-Defendant Parsons Transportation Group Inc. ("Parsons") contracted to provide to the Southern California Regional Rail Authority (the "Authority"), for use in the Authority's Metrolink train system. Parsons subcontracted with Defendant and Counterclaimant ARINC Incorporated to provide the CAD system and certain other systems. The PTC system and its components, including the CAD system, are intended to enhance public safety for persons using the Metrolink train system through computer-assisted control of the trains travelling in the system.

2. Each party is contractually bound, Parsons to the Authority, and ARINC to Parsons, to maintain the confidentiality of potentially security sensitive information, which counsel of the Authority has determined includes technical aspects of the PTC system and its components, such as specifications, deficiencies, locations, testing information and related information, and information that is otherwise confidential to the Authority. Disclosure of such information to third parties could threaten public safety and/or result in injury or death, including but not limited to Metrolink riders.

3. The parties operate in a competitive environment with respect to the PTC and/or CAD technology at issue, and both parties may have information and materials which contain trade secret or other confidential or proprietary information. The disclosure of such information to third parties could place either party or both parties hereto at a competitive disadvantage.

4. Documents and other tangible and non-tangible information containing (i) security-sensitive information related to the PTC and/or CAD systems or information that is otherwise confidential to the Authority and (ii) proprietary and confidential business information and/or trade secrets of the parties are likely to be disclosed or produced during the course of discovery in this litigation.

5. Accordingly, the parties have jointly drafted this proposed Protective Order, which the parties respectfully seek to be entered by the Court, in order to prevent harmful disclosure of such Confidential Information, while balancing the public's right to acquire information that properly falls outside the scope of the parties' protectable, confidential interests. The parties agree that adoption and adherence to this Protective Order will facilitate an orderly and cost-effective discovery process and preparation for trial or settlement, and that Confidential Information will not be used for any purpose that is not directly related to this litigation. Therefore,

**IT IS HEREBY ORDERED** that:

1. <u>Definitions</u>

   1.1   <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

-3-

SMRH:432458018.1                                                                STIPULATED PROTECTIVE ORDER

1.2     Confidential Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) because they contain (i) security-sensitive information related to the PTC and/or CAD systems revealing information relating to technical aspects of the PTC system and its components, including specifications, deficiencies, locations, testing information and related information, or (ii) proprietary, confidential, trade secret or competitively sensitive business information of the parties or the Authority.

1.3     Counsel:  Trial Counsel and House Counsel, as well as their support staff.

1.4     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

1.5     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.6     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

1.7     House Counsel:  Attorneys who are employees of a party to this action. House Counsel does not include Trial Counsel or any other outside counsel.

    1.8    <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    1.9    <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel and their support staffs.

    1.10    <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

    1.11    <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    1.12    <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "Confidential."

    1.13    <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

    1.14    <u>Trial Counsel:</u>  Attorneys who are not employees of a Party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

///

///

2. <u>Scope of Order</u>

This Stipulation and Order cover and protect not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material**, other than during court hearings and trial unless the presiding judicial officer separately orders otherwise.** However, the protections conferred by this Stipulation and Order do not cover: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3. <u>Duration of Order</u>

The confidentiality obligations imposed by the Order shall remain in effect after final disposition of this litigation, unless and until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be either (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action.

4. <u>Designating Protected Material</u>

4.1 <u>Manner of Designation</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies

for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(A) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(B) For testimony given in deposition [], confidentiality designations shall be made no later than thirty (30) business days after receipt of the transcript of such testimony. Such designation shall be made in writing and specify the page and line citation of the portion(s) of the transcript being designated, or by making pages on which Confidential Information is contained in the margins, or otherwise, and providing copies of such pages to the other Parties.

(C) For tangible items and other non-documentary information, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.2 <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon

correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.      Objections to Confidentiality Designation or Lack of Designation

      If a Party or Non-Party objects to the designation of, or failure to designate, any information as Confidential, such Challenging Party shall make such objection by giving written notice to other Outside Counsel of Record.  Such written notice shall comply with the requirements of Local Rule 37-1.  Within seven (7) days after such notice is received, the Challenging Party and other Parties shall meet and confer.  If the parties are unable to resolve their differences, the Challenging Party may apply to the Court, in compliance with the requirements of Local Rule 37-1, for a determination whether such material is properly designated as "Confidential." The burden of persuasion in any such proceedings before the Court shall be on the Designating Party or the party requesting designation.  Any information that becomes the subject of a meet and confer conference as described above shall be treated as Protected Material and shall be subject to the terms of these provisions until the Court has ruled on the issue of confidentiality.

6.      Access to and Use of Protected Material

      Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case may be used only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in such manner that ensures access to it is limited to the persons authorized under this Order.

6.1 <u>Disclosure of Protected Material</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

(A) the Receiving Party's Trial Counsel in this action, as well as employees of said Trial Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(B) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(C) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(D) any person selected by the parties to mediate their dispute;

(E) the court and its personnel;

(F) court reporters and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(G) during their depositions, witnesses in the action to whom disclosure is reasonably necessary;

(H) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information; and

     (I)  a person who otherwise knew the information.

  6.2. <u>Agreement to be Bound.</u> Each person identified in subparagraphs 6.1. A-C, F-G, I, before having access to Protected Material, shall agree not to disclose to anyone not exempted by this Order any Protected Material and not to make use of any such Protected Material other than solely for purpose of this litigation, and shall acknowledge in writing by signing the Agreement to be Bound by Protective Order in the form of Exhibit A attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it. Trial Counsel shall retain in his/her file until at least the conclusion of this litigation the original of each such signed Agreement to be Bound by Protective Order.

  6.3. <u>Filing of Protected Material</u>. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. **Any Party/Non-Party wishing to file documents under seal in this action must also comply with Paragraph 15 of the District Judge's Standing Order Regarding Newly Assigned Cases (Docket No. 5) and the District Judge's Pilot Program Instructions to Attorneys Procedures for Filing Under Seal Documents available on the Court's website (www.cacd. uscourts.gov) under Judge's Procedures and Schedules.**

  6.4. <u>Unauthorized Disclosure of Protected Material</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to

any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

7. <u>Protected Material of Non-Parties</u>

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

8. <u>Final Disposition</u>

After final disposition of this action, as defined in section 3 above, the Producing Party may instruct that hard copies of the Protected Materials be destroyed and electronic copies of the Protected Materials be deleted from counsel for Receiving Party's internal review platforms.  Receiving Party shall not be obligated to re-image their computer or any other hardware associated with the deleted documents.  The Receiving Party shall provide an affidavit confirming that such materials have been deleted from counsel for Receiving Party's internal review platforms, which affidavit shall be provided within sixty (60) days of the Producing Party's request.  Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, emails, memoranda, motions, and other documents that refer to, attach or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.

*[Signatures follow on next page]*

**IT IS SO STIPULATED.**

Dated: September 16, 2014

                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                    By        */s/ Polly Towill*
                            CANDACE L. MATSON
                            POLLY TOWILL
                            ROBERT T. STURGEON

                  Attorneys for Plaintiff and Counter-Defendant
                  PARSONS TRANSPORTATION GROUP INC.

Dated: September 15, 2014

                  JENNER & BLOCK LLP

                    By        */s/ Kenneth K. Lee*
                            KENNETH K. LEE
                            L. DAVID RUSSELL
                            NARY KIM

                  Attorneys for Defendant and Counterclaimant
                          ARINC INCORPORATED

**IT IS SO ORDERED**.

Dated: October 8, 2014                _____/s/_____
                                          Hon. Jacqueline Chooljian
                                          United States Magistrate Judge

# **EXHIBIT A**

# **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Stipulated Protective Order in *Parsons Transportation Group Inc. v. ARINC Incorporated*, Case No. 2:14-CV-00852-RGK (JCx), pending in the United States District Court for the Central District of California, and have received a copy of the Stipulated Protective Order ("Protective Order"). I hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by court order.

3. I promise that I will use any and all "Confidential Information" or "Protected Material," as defined in the Protective Order, only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential Information" or "Protected Material" with anyone other than the persons authorized in accordance with the Protective Order.

5. When I have completed my assigned or legal duties relating to this litigation, I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am employed or retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

-2-

1       6.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

4       7.    I understand that any disclosure or use of "Confidential Information" or "Protected Material" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 2014 at _____.

_____